Argued and submitted February 9, reversed and remanded with instructions
July 8, 1987

## STATE ex rel BALDWIN,
*Appellant,*

*v.*

## HALE,
*Respondent.*

(P79-131; CA A39979)

738 P2d 1016

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

In 1981 in a filiation proceeding under ORS 109.124 *et seq,* the court entered an order establishing paternity and providing for child support to be paid by respondent. In February, 1986, respondent moved to set aside the order on the ground that it is void, because the original petition failed to establish jurisdiction under the Uniform Child Custody Jurisdiction Act. ORS 109.700 *et seq.* The trial court held that the act does not govern jurisdiction over filiation proceedings but set aside the support portion of the 1981 order and what it viewed as an award of custody to mother. We reverse.

The UCCJA applies to a "custody determination," which it defines as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights." However, " 'custody determination' does not include a decision relating to child support or any other monetary obligation of any person." ORS 109.710(2); *see* ORS 109.730(1). The 1981 order did not award custody. Custody resulted by operation of law after paternity was established. ORS 109.175. Therefore, the trial court could not affect custody. The trial court also erred in setting aside the child support order. Determination of support, pursuant to ORS 109.155(4), was within the court's authority.[1]

Reversed and remanded with instructions to reinstate the October 14, 1981, filiation and support order.

---

[1] *State ex rel Pennsylvania v. Stork,* 56 Or App 335, 641 P2d 660, *rev den* 293 Or 190 (1982), and *Overturf v. Lauzon,* 63 Or App 252, 663 P2d 46 (1983), relied on by respondent at trial, do not apply. In *Stork* we held that UCCJA jurisdictional requirements must be met before a trial court can enter a custody decree in a dissolution proceeding. *Lauzon* was also a custody proceeding, but UCCJA was not an issue on appeal. Neither case was a filiation proceeding.